Judge Owslev
delivered the opinion of the court,
This is' a writ of error brought to reverse a judgment recovered by Fishback, in an action of ejectment brought by him against Skeene, &c. in the court below,
Fishback asserted his claim to the land under a patent u'h¡ch issued to Joel Early in December, Í785, for 2000 acres; but as the patent is proven to have issued after the death of Early, it is contended that it is altogether inope-rat've> anc^ hence it is inferred, that Fishback, claiming through it, oqght not to have succeeded in that court,
Upon common law principles, as a sufficient grantee is of ^le essence a vahd grant, there would be no doubt but that as Early was dead when the patent issued, it could not have passed any title from the commonwealth; but, as *357 by the act of 1792, (1 Littell, 160) land contained in tents which may issue in the name of dead persons, is divected to pass to the heir or devisee, in the same manner as though they had issued in the decedent’s lifetime, we are of opinion, that although the entry and warrant, in virtue of whichdhe patent to Early issued, may bear date subsequent to his death, yet as well, according to the letter, as the equity of the act, the title must be considered as enuring to his legal representatives. '
a will made before ;he ('¿⅞/ ⅜ ffcct l j?.n. 1787-,) will lands^they descend to th|^)r w-j is C0U1peient to shew who are ljie' s c 11 ‘
Á power of attorney pur-h°vebfen ac° knowledged before two the^eac» of a d recorded here on .hat ⅛ °¾1 in' de-q.uiteumhen-ticadon ta Morgan vs. Beal e
Where the pv^title ⅛ jec^ment is P“‘ol,’us er-™'urt°[0 struct the jury perempio-»(⅛, dint the made ont^u” tie. [There-porter pre-sumas the dt-reoüons si. d have been hypothetical,^ a'ed’UUiy to the jury, and deciding on ⅜ ⅜ the tes amo-ed] '
*357 As, however, Early had no interest in the land at the time of making his will, and as that was done before the change in the law authorising after-acquired lands to be disposed of by will, it is plain, the devisee can have gained no interest ip ⅛⅜ land.
For the purpose of shewing title in the devisee, therefore, the will, no doubt, was inadmissible, but as the legitimacy of Early’s children might be proven by bis declarations, the will was properly used in evidence for the purpose of proving that those persons recognized as such, are his Children.
To have authorised Fishback to recover, then, he must have deduced title from Early‘s heirs, and in order to as-pertain whether he has done so, it is material to examine whether or not he has shewn a conveyance from the eldest son; for, as both Early’s cleat.h and the emanation of the, patent occurred before the change in the law of descents, according to the act of 1792, the title must have enured to the eldest son, in exclusion of the other children.
Which of the sons is the oldest, is not, however, proven; but as Fishback has attempted to shew a conveyance from all, to know whether the eldest has conveyed, we are led to examine the deed of each.
A deed purporting to have been executed by "Whitfield Early for himself, and as the agent of his brothers, was introduced, but as the power under which it purports to have been made, was no otherwise proven than by the acknow-ledgement before two justices of Virginia, certified to have been recorded by the clerk of Boone county upon their certificate, and again certified to have been recorded upon that certificate by the clerk of this court, it is clear, that if the objection taken in the court below questions the sqf-ficiency of the proof, as to the execution of the power, it ought to have been rejected; and if the power is rejected, although the deed may be effectual to pass the interest of *358 Whitfield, yet as he is not shewn to be the eldest son, Fish* back cannot have shewn a title through the heir at law.
Bibb for for
Whether the objections taken in that court goes to the sufficiency of the proof of the power, need not, however, be ('ecided > for'if it does not, still the court, by instructing the jury, that except for the share of Juliana Rucker, Fish-back made out title to the whole of the land in contest, c]ear]y erred, J
For as the evidence is partly ef a parol character, it was unquestionably irregular for the court, by their positive in-slructions, to withdraw from the jury a decision of it.
- The judgment must be reversed with cost, the cause re* manded, and further proceedings had. pot inconsistent with opinion. ' ‘